DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Joseph M. Gallardo, appeals his judgment of conviction from the Ottawa County Court of Common Pleas. Appellant entered a plea pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, to one count of rape, a violation of R.C.2907.02(A)(2) and a felony of the first degree, and one count of burglary, a violation of R.C. 2911.12(A)(1) and a felony of the second degree. In exchange for his plea, the state agreed to dismiss six other counts of the indictment: another count of aggravated burglary, another count of rape, two counts of kidnapping, and two counts of tampering with evidence.
 {¶ 2} Appellant entered, and the trial court accepted, hisAlford plea on February 22, 2005, to first degree rape and second degree burglary. The state, as agreed, dismissed the remaining six counts of the indictment. On May 26, 2005, appellant's sentencing hearing was held, at which the trial court imposed a term of eight years for the burglary conviction and ten years for the rape conviction. Both terms are the maximum sentences which could be imposed for the offenses, pursuant to R.C. 2929.14(A)(1) and (2), and the trial court found that appellant committed the worst form of the offense as required R.C. 2929.14(C). As then required by R.C. 2929.19(B), the trial court ordered the terms to run consecutively pursuant to R.C.2929.14(E)(4), after finding on the record that consecutive terms "necessary to protect the public and punish the offender" and that it was "not disproportionate to the seriousness of the Defendant's conduct and the danger which the Defendant poses to the pubic."
 {¶ 3} On December 5, 2005, appellant filed a notice of appeal. His appointed appellate counsel has, pursuant to Andersv. California (1967), 386 U.S. 738, filed a motion requesting to withdraw as appointed counsel. If counsel, following a conscientious examination of the case, finds the case to be wholly frivolous, he should advise the court of such finding and request permission to withdraw. Id. at 744. See, also, State v.Duncan (1978), 57 Ohio App.2d 93. Along with the request to withdraw, counsel must submit a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also provide a copy of the brief to his client, and must do so within such time as would allow the client the opportunity to raise any matters he chooses. Id. Once these requirements have been satisfied, the appellate court must conduct a full examination of the proceedings to determine whether the appeal is, in fact, wholly frivolous. Id. If the appellate court finds in the affirmative, it may grant counsel's request to withdraw and may dismiss the appeal without violating federal requirements.
 {¶ 4} Appellant's counsel has satisfied the Anders
requirements. Counsel states that, after careful review of the record and legal research, he can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review. He further states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has not filed a pro se brief or otherwise responded to his counsel's request to withdraw.
 {¶ 5} Appellate counsel has presented one potential assignment of error for review:
 {¶ 6} "The trial court erred to the prejudice of the Appellant/Defendant by sentencing him to maximum consecutive sentences."
 {¶ 7} We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
 {¶ 8} In February 2006, the Ohio Supreme Court decided Statev. Foster (2006), 109 Ohio St.3d 1, and held that several of Ohio's sentencing statutes which required findings of fact without a jury violated a criminal defendant's Sixth Amendment right to a jury pursuant to Blakely v. Washington (2004),542 U.S. 296. Those sentencing statutes, including R.C. 2929.14(E)(4) and 2929.14(C), under which appellant was sentenced, were severed from Ohio's sentencing laws. Foster applies to all cases pending on direct appeal, 2006-Ohio-856 at ¶ 104, and all sentences imposed pursuant to the unconstitutional portions of the sentencing scheme must be void as illegally imposed. Id. at ¶ 103.
 {¶ 9} Appellant's counsel filed the Anders brief approximately one month after the Ohio Supreme Court decidedFoster. Nevertheless, counsel argues, and the state concurs, that the imposition of maximum and consecutive terms was proper. We cannot agree.
 {¶ 10} In Blakely v. Washington (2004), 542 U.S. 296, the United States Supreme Court held that a sentencing court is prohibited from imposing a non-minimum sentence based on factual findings neither admitted to by the defendant nor found by a jury. In Foster, supra, the Ohio Supreme Court, interpreting Ohio's sentencing provisions in light of the decision inBlakely, determined that portions of Ohio's sentencing statutes, including R.C. 2929.14(C) and R.C. 2929.14(E)(4) violate a defendant's Sixth Amendment right to a trial by jury.Foster, 2006-Ohio-856, at ¶ 64, and ¶ 82. The court then severed and excised those portions of the Revised Code. Id. at ¶ 99. Because the trial court based appellant's sentence on unconstitutional judicial fact finding, the sentence is void and this case must be remanded for a new sentencing hearing, pursuant to Foster's mandate. Id. at ¶ 104. Appellant's proposed assignment of error is well-taken.
 {¶ 11} Pursuant to Anders, if any potential error has merit, we are to afford appellant new counsel and an opportunity to argue the appeal. Upon our own independent review of the record, we find no other grounds for a meritorious appeal. However, because appellant's sentence is clearly contrary to law pursuant to Foster, supra, justice requires an immediate remand to the trial court for resentencing. State v. Brown, 6th Dist. No. S-06-009, 2006-Ohio-3985, at ¶ 23; State v. McGhee, 4th Dist. No. 04CA15, 2005-Ohio-1585, at ¶ 73; State v. Meyer, 6th Dist. No. WM-03-008, 2004-Ohio-5229, at ¶ 75. Appellant's counsel's motion to withdraw is denied. Id.
 {¶ 12} On consideration whereof, the sentence of the Ottawa County Court of Common Pleas is reversed and this case is remanded to the trial court for resentencing. The trial court is instructed to appoint new counsel to represent appellant. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J. Skow, J. Parish, J. concur.