MEMORANDUM OPINION
{¶ 1} Appellant Charles E. Martin appeals from the judgment entry of the Portage County Court of Common Pleas adjudicating him a sexual predator. We affirm.
 {¶ 2} Appellant originally pleaded guilty to two counts of attempted gross sexual imposition under R.C. 2907.05(A)(4) and (B) and 2923.02. The conduct underlying this plea involved appellant's eight and nine year old nieces. After a hearing conducted pursuant to R.C. 2950.09 the trial court adjudicated appellant a sexual predator. Appellant subsequently appealed the trial court's judgment entry classifying him a sexual predator. *Page 2 
 {¶ 3} In State v. Martin, 11th Dist. No. 2002-P-0078, 2003-Ohio-6410, this court reversed and remanded the trial court's sexual predator determination for failure to discuss, on record, the evidence and factors upon which it relied in making its classification. During the original sexual predator hearing, the court merely stated that it had considered the factors set forth in R.C. 2950.09(B)(2) and, based upon its consideration, found a likelihood that appellant could engage in future sexually oriented offenses. Id. at ¶ 12. The court's judgment entry did not cure this deficiency: it was a boilerplate entry merely indicating the court considered the statutory factors followed by a paragraph stating that "there is clear and convincing evidence that defendant is a sexual predator." Id.
 {¶ 4} On January 26, 2004, the trial court conducted a new sexual predator hearing. During this hearing, the trial court evaluated all relevant statutory factors and applied the facts of the case to those factors. The court additionally discussed the import of two psychologists' reports pertaining to appellant's likelihood to recidivate. In light of the foregoing analysis, the court concluded that there was clear and convincing evidence in the record to classify appellant a sexual predator.
 {¶ 5} On March 6, 2006, this court granted appellant leave to file a delayed appeal. On January 23, 2007, after receiving several extensions to file his appellate brief, appellant's assigned counsel filed an"Anders brief" asserting his belief that there were no meritorious issues to be argued on appeal and thus the appeal was wholly frivolous.
 {¶ 6} In Anders v. California (1967), 386 U.S. 738, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should advise the court and request permission to withdraw. *Page 3 
Id. at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support an appeal. Id. Further, counsel must furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any conceivable matters he or she chooses. Id. Once these requirements have been met, the appellate court must conduct a full examination of the record to determine if the appeal is indeed frivolous. Where the court so determines, it may grant counsel's request to withdraw and proceed to a decision on the merits.
 {¶ 7} On March 26, 2007, this court issued a judgment entry proclaiming that counsel's brief failed to comply with the requirements outlined in Anders. In particular, the judgment entry provided: "[the] request to withdraw is not accompanied by a brief which includes reference in the record that might be argued in support of the appeal. Secondly, such brief would need to be furnished to [a]ppellant so that he can raise any points he may have. It is clear that counsel did not file a brief with his request to withdraw, nor did he serve [a]ppellant with the same."
 {¶ 8} On April 11, 2007, counsel filed a second Anders brief which cured the defects identified by this court's March 26, 2007 judgment. In his brief, counsel determined the trial court did not commit any reversible errors in classifying appellant a sexual predator. Counsel further served a copy of the brief on appellant. Appellant did not file a pro se brief. After thorough review of the record, we agree with counsel's assessment and grant his motion to withdraw.
 {¶ 9} A trial court must consider the statutory factors set forth in R.C. 2950.09(B)(3) in determining whether a defendant is a sexual predator. State v. Randall (2001), 141 Ohio App.3d 160, 165. "Even though the trial court is not required to refer to each factor in making its determination, the court is required to provide a *Page 4 
general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal." Id. at 165-166. This discussion may appear in either the judgment entry or during the sentencing hearing. Id. at 166.
 {¶ 10} The factors a court is required to consider under R.C.2950.09(B)(3) include the offender's age; the offender's prior criminal record; the victim's age; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the offense or to prevent the victim from resisting; if the offender has previously been convicted of or pled guilty to a criminal offense, whether the offender completed the sentence imposed and, if the prior offense was a sex offense, whether the offender participated in programs available for sex offenders; any mental illness or mental disability of the offender; the nature of the sexual conduct with the victim and whether it was part of a demonstrated pattern of abuse; whether, during the commission of the offense, the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C.2950.09(B)(3)(a) through (j).
 {¶ 11} Here, the court properly considered all relevant factors under R.C. 2950.09(B)(3) in arriving at its conclusion. Specifically, the court found appellant was 41 at the time of the hearing; the two victims were 8 and 9 years old respectively; appellant did not use drugs or alcohol to impair the victims; appellant sexually touched the victims and the victims were his nieces; appellant's offenses were not a part of a pattern of abuse; appellant's offenses were not committed with cruelty or threats of cruelty; appellant had been charged with theft in 1988, however, he had no additional *Page 5 
prior criminal offenses; and, finally, appellant was "sexually immature" and "mentally retarded."[1]
 {¶ 12} The court further considered the reports submitted by both psychologists. Both clinicians concluded that appellant's limited reasoning ability, limited insight, and impulsivity place him at a risk of committing sexual offenses in the future, particularly against individuals within the narrow scope of his living situation. In light of its findings and considerations, the court concluded there was clear and convincing evidence in the record to classify appellant a sexual predator.
{¶ l3} After a thorough and independent review of the record, including the transcript of proceedings, the presentence investigation report, and other submissions, we hold the trial court did not err in labeling appellant a sexual predator. The trial court cured the defects which caused this court's original reversal and remand. Nothing in the record indicates the court erred in its procedure or arriving at its conclusion. Thus, there are no arguable legal points on the merits of this matter. Counsel's motion to withdraw is granted and the judgment of the Portage County Court of Common Pleas is hereby affirmed.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] The court's conclusion that appellant is "mentally retarded" is not supported by the record; each psychologist who evaluated appellant, including the psychologist who assessed appellant's competency to stand trial, indicated appellant possessed dramatic learning disabilities but was neither retarded nor borderline retarded. However, in light of the record as a whole, we do not believe the court's misstatement militates heavily against its ultimate determination. Each psychologist underscored appellant's below average intelligence and general inability to appreciate the gravity of his criminal behavior. In short, although the court did not properly denote appellant's intellectual capacities with an accurate clinical concept, the record nonetheless supports the court's adjudication. *Page 1