[Cite as *State v. Glus*, 2014-Ohio-245.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3087** |
| JON GLUS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 11 C 000155.

Judgment: Affirmed in part, reversed in part, and remanded.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Sean C. Buchanan*, Buchanan Legal, P.O. Box 1443, Kent, OH 44240 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Jon Glus, appeals from the judgment of the Geauga County Court of Common Pleas, finding him guilty of two counts of rape and one count of pandering obscenity involving a minor. For the reasons discussed in this opinion, the trial court's judgment is affirmed in part, reversed in part, and remanded.

{¶2} Appellant was indicted on two counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; four counts of gross sexual imposition, in

violation of R.C. 2907.05, felonies of the third degree; and one count of pandering obscenity involving a minor, in violation of R.C. 2907.321, a felony of the second degree. Appellant entered a plea of not guilty to all charges. Appellant later changed his plea and entered a plea of guilty to the two counts of rape and one count of pandering obscenity involving a minor. Pursuant to the agreement, the parties jointly recommended appellant serve two consecutive 10-year terms on the rape counts and five years on the pandering count, to be served concurrently with the rape terms. After a thorough plea hearing, the trial court accepted appellant's change of plea. The trial court further accepted the parties' joint recommendation on sentence. By virtue of his convictions, appellant was labeled a Tier III sex offender.

{¶3} Approximately five months after his sentencing, appellant moved this court for leave to file a delayed appeal. This court granted appellant leave and appointed counsel to represent him. The original appointed counsel filed a brief on appellant's behalf pursuant to *Anders v. California*, 386 U.S. 738 (1967). In this brief, the original counsel stated that, after thorough examination of the record, he found no prejudicial error committed by the trial court. As the sole potential error, the original counsel asked this court to review whether appellant's change of plea was entered knowingly, intelligently, and voluntarily. The original counsel further sought permission to withdraw as appellate counsel as he found the appeal wholly frivolous. Finally, the original counsel certified he sent a copy of his brief to appellant with the instruction that he may file his own brief on his own behalf with this court.

{¶4} On January 2, 2013, this court entered judgment granting appellant leave to raise any additional arguments in support of his appeal within 30 days of the date of

2

said entry. Appellant, however, elected not to file a pro se brief.

{¶5}    In *Anders,* the United States Supreme Court held that if appellate counsel, after a conscientious examination of the case, finds an appeal to be wholly frivolous, he should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his client with a copy of the brief and request to withdraw, and give the client an opportunity to raise any additional items. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal is wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶6}    The original appointed counsel satisfied each of his duties under *Anders.* Accordingly, this court undertook an independent review of the entire trial record. In addition to considering the sole potential error raised by the original counsel, we noted a second potential error regarding the procedure the trial court followed in imposing court costs as part of appellant's sentence. As a result, a new attorney was appointed for the purposes of submitting a second brief on behalf of appellant addressing the "court costs" issue. After this second brief was filed, the State of Ohio submitted an answer brief.

{¶7}    In light of the foregoing briefing, two assignments of error are before this court for review in this appeal. We characterize the first as follows:

3

{¶8} The trial court erred in accepting appellant's guilty plea, which was not entered knowingly, intelligently, and voluntarily.

{¶9} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶10} Crim.R. 11(C)(2) states that the court shall not accept a guilty plea without first addressing the defendant personally and: (a) determining that he is making the plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved; (b) informing the defendant of and determining that he understands the effect of the guilty plea, i.e., that upon acceptance of the plea, the court may proceed with judgment and sentence; (c) informing the defendant and determining that he understands that by the plea, he is waiving the constitutional rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.

{¶11} A review of the change-of-plea hearing demonstrates the trial court addressed appellant personally. The transcript shows appellant understood he was pleading guilty to two counts of rape, felonies of the first degree and one count of pandering obscenity involving a minor, a second degree felony. The record also demonstrates appellant was aware and understood the maximum penalties attaching to these crimes. Appellant stated he understood the court could proceed with judgment and sentence upon accepting his plea. Finally, the court specifically informed appellant

of each individual, constitutional right he was waiving by entering a plea and appellant stated he understood his plea operated as a waiver of these rights.

{¶12} The court specifically and literally advised appellant of each constitutional and non-constitutional right. Moreover, the court expressly asked appellant if he understood his rights, the nature of what he was waiving, and the ultimate effect of the guilty plea he was entering. It is therefore clear that the trial court met its obligations under Crim.R. 11(C). As a result, appellant's plea was knowingly, intelligently, and voluntarily entered.

{¶13} Appellant's first assigned error is wholly frivolous and without merit.

{¶14} As set forth in the brief filed by the second appointed counsel, appellant's second assignment states:

{¶15} "The trial court erred by not informing [appellant] of community service requirements for failure to pay costs."

{¶16} As of March 12, 2012, the date the trial court's sentencing judgment was issued, R.C. 2947.23 provided, in pertinent part:

{¶17} "(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

{¶18} "(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more

5

than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

{¶19} "(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount."

{¶20} In *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, the Supreme Court of Ohio held the foregoing statutory provisions are mandatory and a trial court must put a criminal defendant on notice of their content at the time of sentencing. *Id.* at ¶10. A trial court's failure to provide this notification constitutes reversible error requiring a limited hearing on that issue. *State v. Moore*, 11th Dist. Geauga No. 2011-G-3027, 2012-Ohio-3885, ¶84; *see also State v. Taylor*, 11th Dist. Portage No. 2011-P-0090, 2012-Ohio-3890, ¶43.

{¶21} In further construing the notification requirement of the foregoing version of R.C. 2947.23(A)(1), this court has concluded that the lack of oral notification during the sentencing hearing does not constitute plain error when the sentencing judgment provided notice that the defendant could be subject to community service if court costs were not paid timely. *State v. Fomby*, 11th Dist. Lake No. 2012-L-073, 2013-Ohio-2821, ¶64-67. Moreover, we have held that the lack of oral notification does not always require a remand for the purpose of conducting a new sentencing hearing; if the state agrees on appeal, the appellate court can afford the defendant a complete remedy by modifying the sentencing judgment to expressly provide that he can never be subject to

community service if he is delinquent in paying court costs. *State v. Dye*, 11th Dist. Portage No. 2011-P-0092, 2013-Ohio-4285, ¶16-18.

{¶22} In this case, the trial court did not provide either oral or written notice of the possibility that community service could be imposed for failing to timely pay court costs. In the absence of any notice under R.C. 2947.23(A)(1), the lack of an objection by appellant's trial counsel during the sentencing hearing does not result in a waiver of the point; i.e., the trial court committed plain error. Furthermore, although the state conceded in its appellate brief that the trial court did not comply with the notification requirement in imposing court costs, it did not agree to a modification of the sentencing judgment under which the possibility of community service would be eliminated in this instance. Thus, pursuant to *Moore*, *supra*, this case must be remanded so that the trial court can conduct a new limited hearing for the purpose of providing the required oral notification under R.C. 2947.23(A)(1). Appellant's second assignment has merit.

{¶23} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs with a Concurring Opinion.


_____


DIANE V. GRENDELL, J., concurs with a Concurring Opinion.


7

**{¶24}** I concur in the judgment and the substantive analysis of the majority's opinion as it relates to the assignments of error raised by Glus. I write separately, however, to address the flaws in the procedure followed in this appeal.

**{¶25}** In this case, an *Anders* brief was submitted by Glus' original appellate counsel, asserting that the appeal had no merit, but raising as a potential error the voluntariness of Glus' plea. The majority, in a June 17, 2013 Judgment Entry, "noted a second potential error" regarding the failure of the trial court to advise Glus of the possibility of being ordered to perform community service in lieu of court costs. The majority then appointed a new attorney "for the purposes of submitting a second brief on behalf of appellant," addressing this issue. *Supra* at ¶ 6.

**{¶26}** This matter should have been resolved by the issuance of an opinion reversing and remanding to the trial court for the limited purpose of providing Glus the proper notification, especially given that the law of this district clearly holds that the court's failure to give such notification constitutes error, as the cases cited by the majority reveal. Further briefing added nothing of value to this analysis and did not change the ultimate disposition of the case. No harm would have been caused to Glus by following this course of action, since the reversal benefits Glus and will allow him to be properly advised of the law.

**{¶27}** The Fourth District applied this approach in *Anders* cases, remanding to the trial court for limited purposes when a clear violation of the law occurred in the trial court. *State v. Marcum*, 4th Dist. Hocking No. 11CA30, 2013-Ohio-951, ¶ 4 ("given that the trial court clearly erred when it failed to orally notify [the defendant] about the imposition of court costs," a remand for the limited purpose of resolving the matter was

8

proper, without any further briefing or appointment of new counsel); *State v. Ross*, 4th Dist. Lawrence No. 10CA31, 2011-Ohio-1136, ¶ 13 (finding in an *Anders* case that judicial economy favored immediate remand to the trial court because of clear error in the imposition of post-release control).

{¶28} This approach allows appellate courts to avoid expending considerable time and public taxpayers' resources in conducting unnecessary additional briefing that is not required to afford Glus with a proper review of his appeal. Appointing new counsel prolonged the resolution of this matter and was not consistent with the purposes of judicial economy. *Painesville City Local Schools Bd. of Edn. v. Ohio Assn. of Public School Emps.*, 11th Dist. Lake No. 2005-L-100, 2006-Ohio-3645, ¶ 15 (emphasizing the importance of speedy resolutions to conflicts to foster judicial economy by "unburdening crowded court dockets") (citation omitted); *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45, ¶ 28 (finding that the court's holding should "foster rather than thwart judicial economy"). Based solely on the unnecessary appointment of new counsel and the additional briefing period, a delay of almost two additional months was added to the disposition of this appeal.

{¶29} Further, this court was not required under the law to appoint new counsel to brief the separate community service issue. As this court has held in *State v. Martin*, 11th Dist. Portage No. 2005-P-0097, 2007-Ohio-4961, separate counsel need not be appointed when further briefing could be performed by the defendant's initial counsel.

{¶30} With the foregoing reservations, I concur.