[Cite as *State v. Burnett*, 2014-Ohio-1358.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                          :          **O P I N I O N**

          Plaintiff-Appellee,          :

    - vs -                                 :          **CASE NO.  2013-L-053**

CHARLES E. BURNETT, III,            :

          Defendant-Appellant.        :


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000534.

Judgment: Affirmed.


*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Aaron T. Baker,* 38109 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1}  Defendant-appellant, Charles E. Burnett III, appeals his convictions and sentence for Receiving Stolen Property, Identity Fraud, and Forgery.  Burnett received an aggregate prison sentence of eighteen months.  The issue before this court is whether an appeal is rendered wholly frivolous where the appellant properly entered a guilty plea and was sentenced accordingly.  For the following reasons, we affirm the decision of the court below.

{¶2}  On September 24, 2012, the Lake County Grand Jury indicted Burnett for the following: Receiving Stolen Property (Count 1), a felony of the fifth degree in violation of R.C. 2913.51(A); Identity Fraud (Counts 2, 3, 4, 5, 6, 7, 8, 9, and 10), felonies of the fifth degree in violation of R.C. 2913.49(B)(2); and Forgery (Counts 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20), felonies of the fifth degree in violation of R.C. 2913.31(A)(2).

{¶3}  On September 27, 2012, Burnett waived the right to be present at his arraignment and entered a plea of not guilty to all charges.

{¶4}  On February 4, 2013, Burnett entered a Written Plea of Guilty to Receiving Stolen Property (Count 1), Identity Fraud (Counts 2, 3, 4, and 5), and Forgery (Counts 11, 12, and 13).

{¶5}  At the plea hearing, the trial judge reviewed the eight charges to which Burnett was pleading guilty and Burnett indicated that he understood the charges and had no questions.

{¶6}  The trial judge then explained Burnett's right to a jury trial.  Burnett questioned the judge about the possibility of pleading guilty to some counts while being tried for the remaining counts.  The judge explained that it was within his discretion to allow Burnett to enter a partial plea and Burnett indicated that he was satisfied with that explanation.

{¶7}  The trial judge continued advising Burnett that the jury would have to return a unanimous verdict; the prosecutor bore the burden of proving Burnett's guilt beyond a reasonable doubt; Burnett could compel witnesses to testify on his behalf; Burnett could not be compelled to testify against himself; the prosecutor could not use

2

information from the proffer agreement as evidence at trial; and Burnett had a right to appeal.

{¶8} Burnett expressed some hesitation to pleading guilty, variously complaining of his lack of money, dissatisfaction with defense counsel, and the charges against him. The trial judge assured Burnett that he was under no obligation to plead, to which Burnett responded that it was "already forced." When the trial judge inquired as to how it was forced, Burnett responded "because it is," "I understand everything that you just said to me," and "I plead guilty."

{¶9} Burnett asked the trial judge if he would receive maximum sentences for exercising his right to trial. The trial judge explained that it was a possibility, but that Burnett's actual sentence would be at his discretion and would be based on a presentence investigation report and the sentencing hearing. The trial judge further advised that the charges against Burnett were probationable offenses. Burnett then repeated that he would plead guilty.

{¶10} The trial judge advised Burnett that his guilty plea would constitute a complete admission of guilt and the court would proceed to sentencing after a presentence investigation report was prepared.

{¶11} The trial judge explained that a fifth degree felony carried a potential maximum prison sentence of one year; there was a presumption of probation (community control sanctions); the presumption is rebutted if Burnett has previously been to prison; sentences could be served concurrently or consecutively; Burnett could be placed on post-release control following his release from prison; the court could order Burnett to pay fines up to a maximum of $20,000 in addition to restitution; Burnett

3

could receive probation instead of prison; Burnett had the right to address the court prior to sentencing; and sentencing was at the court's discretion.

{¶12} Burnett affirmed that no promises were made to him regarding sentencing, he wished to plead guilty, and he entered his plea freely and voluntarily.

{¶13} The prosecutor then stated what the evidence would have shown at trial:

[O]n March 30, twenty-twelve, Charles E. Burnett, III, * * * went into the Wal*Mart located in Mentor, Lake County, Ohio. He had on him multiple credit cards and he went first to a register at the Lawn and Garden Department, where he purchased multiple gift cards. He would swipe the credit card and then sign his name on the electronic pad. * * * [T]wo or more of those swipes charged the MidSouth Federal Credit Union, the account for Tammy Beasley, using her debit, slash, credit card.

He also signed that receipt as if that identifying information, the credit card number, were in fact his. On two, at least two different occasions at that register [sic]. The credit card in his hand had the identifying information on it that had been stolen from Miss Beasley and that card was, the fake card, was not in fact Miss Beasley's card.

He then went to the Jewelry Department where he again on multiple occasions, at least two, swiped the same card charging Miss Beasley's account and signed those receipts also indicating that that was a true receipt when it was not.

4

All of that -- Miss Beasley is not familiar with Mr. Burnett, did not give him permission to use her credit card number and gave nobody permission to do so.

**{¶14}** Burnett admitted the truth of the prosecutor's proffer and entered guilty pleas to Receiving Stolen Property (Count 1), Identity Fraud (Counts 2, 3, 4, and 5), and Forgery (Counts 11, 12, and 13). The trial judge accepted the pleas.

**{¶15}** On May 15, 2013, Burnett's sentencing hearing was held. Defense counsel addressed the court and argued for Burnett to receive probation and for the merger of several of the Counts. Burnett also addressed the court himself. The prosecutor opposed merging any of the Counts and argued for a prison sentence.

**{¶16}** The trial judge stated that he had considered the presentence investigation report, the arguments of the parties, and the nature and circumstances of the offenses in light of the purposes and principles of felony sentencing. The court found that Burnett's conduct was part of organized criminal activity and the victim suffered mental anguish, but the amount of loss, $900, was much less than in similar types of cases. The trial judge noted that most of the factors indicating that recidivism was more likely were present: Burnett had lengthy juvenile and adult records, including prior felony convictions and prison time. The trial judge found a lack of genuine remorse. In consideration of the record before him, the trial judge determined that a prison sentence was consistent with the principles and purposes of sentencing.

**{¶17}** The trial judge merged Counts 3, 4, and 5 of Identity Fraud into Count 2 and Counts 12 and 13 of Forgery into Count 11. The trial judge sentenced Burnett to a prison term of seven months on Count 1 (Receiving Stolen Property) and seven months

5

on Count 11 (Forgery), both sentences to be served concurrently with each other. The trial judge sentenced Burnett to a prison term of eleven months for Count 2 (Identity Fraud), to be served consecutively with the sentences for Counts 1 and 11. Thus, Burnett received an aggregate prison term of eighteen months. The trial judge advised Burnett that, upon his release from prison, he could be placed on three years of post-release control.

{¶18} The trial judge ordered Burnett to make restitution in the amount of $900 and to pay the costs of the action.

{¶19} On May 20, 2013, a written Judgment Entry of Sentence was issued.

{¶20} On June 4, 2013, Burnett filed a Notice of Appeal.

{¶21} On September 4, 2013, appellate counsel filed the Brief of Appellant, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel represented that he had reviewed Burnett's file and found "no error by the trial court prejudicial to the rights of Appellant which may be argued to this court on appeal." Counsel requested that "this court * * * independently review the transcript of proceedings and case file to determine whether any possible error exists," and that he be granted leave to withdraw as counsel "on the basis that the appeal is frivolous."

{¶22} On October 18, 2013, this court granted Burnett thirty days in which "to file a brief or memorandum * * * which raises any additional arguments in support of his appeal for this court's review." Appellate counsel's motion to withdraw was ordered to be "held in abeyance pending this court's further review and determination pursuant to *Anders*."

{¶23} Burnett has not filed any further brief or memorandum in support of his appeal.

{¶24} The United States Supreme Court has summarized the procedure in *Anders* cases as follows:

Appointed counsel is first required to conduct "a conscientious examination" of the case.  * * *  If he or she is then of the opinion that the case is wholly frivolous, counsel may request leave to withdraw.  The request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."  Once the appellate court receives this brief, it must then itself conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous."  * * * Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel.

*Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶25} In his brief, appellate counsel noted Burnett's confusion at the change of plea hearing "over what he was entering a 'guilty' plea to, whether he would receive prison time, and what amount of prison time he would receive in the event he did receive prison time."  Counsel also noted, at the sentencing hearing, the trial court's decision to impose a prison sentence despite the availability of community control sanctions.

{¶26} Having fully examined the record of the proceedings in this case, we find no nonfrivolous issues for appeal.  The trial court adequately addressed any concerns

7

and misunderstandings expressed by Burnett at the change of plea hearing and otherwise complied with Criminal Rule 11(C)(2) and ensured that Burnett's guilty plea was knowing, intelligent, and voluntary. With respect to sentencing, Burnett's extensive juvenile and criminal records justified the court's decision not to impose community control sanctions. Additionally, defense counsel provided effective assistance of counsel, securing for Burnett an eighteen-month prison sentence for three felony convictions despite an original twenty-count indictment and eight-count guilty plea.

{¶27} Contrary to the position taken by the dissent, you have no right to file a baseless or frivolous appeal. An appeal of right means that you may appeal without restriction when you have a reason to appeal. App.R. 23; *Talbott v. Fountas*, 16 Ohio App.3d 226, 475 N.E.2d 187 (10th Dist.1984), paragraph one of the syllabus ("[a] frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review").

{¶28} For the foregoing reasons, Burnett's appeal is without merit and wholly frivolous. Appellate counsel's motion to withdraw is granted. The judgment of the Lake County Court of Common Pleas, sentencing Burnett to an aggregate prison term of eighteen months for Receiving Stolen Property, Forgery, and Identity Fraud, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J., concurs in judgment only,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____

8

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶29}** I respectfully dissent.

**{¶30}** The majority holds that appellant's appeal is without merit and wholly frivolous. For the following reasons, I disagree.

**{¶31}** Under the United States Constitution, there is no right to appeal, "as a matter of right." *See Abney v. United States*, 431 U.S. 651, 656 (1977) (holding that there is no constitutional right to appeal; rather, the right to appeal in a criminal case is a creature of statute). However, an appeal is a matter of right in criminal proceedings under the Ohio Constitution. *See State v. Awkal*, 8th Dist. Cuyahoga Nos. 98532 and 98553, 2012-Ohio-3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right").

**{¶32}** An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." *Black's Law Dictionary* 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C. 2953.08(A). Thus, it logically follows that if an appeal is a matter of right in criminal proceedings in Ohio, how can an appeal be frivolous?

**{¶33}** Under this writer's independent examination of the record, I find at least one issue of arguable merit as to whether appellant was properly sentenced pursuant to R.C. 2941.25 and 2929.11. Therefore, although I agree with granting Attorney Aaron Baker's motion to withdraw as he has satisfied his duties under *Anders*, I believe that new appellate counsel must be appointed to pursue this appeal. Thus, I would direct

9

newly appointed counsel to prepare an appellate brief discussing the arguable issue identified herein and any further arguable issues which may be found in the record.

{¶34} Accordingly, I respectfully dissent.