[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 133.]

THE STATE OF OHIO, APPELLEE, *v*. DAVIE, APPELLANT.

[Cite as *State v. Davie,* 2002-Ohio-3753.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' denial of application affirmed, when—Application denied when applicant fails to raise a genuine issue as to whether he was deprived of effective assistance of counsel on appeal before the court of appeals as required by App.R. 26(B)(5).*

(No. 2001-1861—Submitted May 7, 2002—Decided August 7, 2002.)

APPEAL from the Court of Appeals for Trumbull County, No. 92-T-4693.

————————————

**Per Curiam.**

{¶1} Appellant, Roderick Davie, a.k.a. Abdul Hakiym Zakiy, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶2} Davie was convicted of the aggravated murders of John Ira Coleman and Tracy Jefferys and sentenced to death. Upon appeal, the court of appeals affirmed the conviction and death sentence. *State v. Davie* (Dec. 27, 1995), Trumbull App. No. 92-T-4693, 1995 WL 870019. Meanwhile, prior to defense counsel's filing Davie's notice of appeal before this court, Davie, on February 12, 1996, filed a pro se application for reopening pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. However, the court of appeals dismissed the application in a judgment entry because Davie's appeal had been filed with this court on February 26, 1996, and pursuant to former S.Ct.Prac.R. II(2)(D)(1), 68 Ohio St.3d CXXV, the court of appeals was divested of jurisdiction. *State v. Davie* (July 15, 1996), Trumbull App. No. 92-T-4693. Thereafter, we also

affirmed his conviction and sentence on November 26, 1997. *State v. Davie* (1997), 80 Ohio St.3d 311, 686 N.E.2d 245.

{¶3} On March 1, 2000, appellant filed the instant application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan*, alleging ineffective assistance of appellate counsel in his direct appeal.

{¶4} In denying appellant's application for reopening, the court of appeals found that Davie had failed to show good cause for filing his application more than 90 days after that court's judgment was journalized, as required by App.R. 26(B)(2)(b). However, notwithstanding the untimeliness of appellant's application, the court of appeals reviewed Davie's 24 assignments of error, and found them all to be without merit. The cause is now before this court upon an appeal as of right.

{¶5} We affirm the judgment of the court of appeals. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Davie has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). See *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696. To show ineffective assistance, Davie must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had they presented those claims on appeal. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.

{¶6} Moreover, to justify reopening his appeal, Smith "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey,* 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶7} *Strickland* charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance," id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *State v. Sanders* (2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18; see, also, *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987.

**{¶8}** We have reviewed appellant's four propositions of law alleging, inter alia, deficient performance by appellate counsel. In none of the four propositions of law has Davie raised "a *genuine issue* as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B)(5). (Emphasis added.)

**{¶9}** Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

——————————

Dennis Watkins, Trumbull County Prosecuting Attorney, and Luwayne Annos, Assistant Prosecuting Attorney, for appellee.

Kerger & Kerger and Richard M. Kerger; David H. Bodiker, Ohio Public Defender, and Randall L. Porter, Assistant State Public Defender, for appellant.

——————————