OPINION
{¶ 1} Defendant-appellant, Joshua Elsass (hereinafter "Elsass"), appeals the sentences imposed by the Auglaize County Court of Common Pleas in Case Nos. 2005-CR-16 and 1999-CR-61. Because the trial court did not make all of the statutory findings required by the statute for the sentences imposed, we must reverse and remand for resentencing.
 {¶ 2} In Case No. 2005-CR-16, a driver from Miller's Textile of Wapakoneta, Ohio, discovered Elsass with a spring loaded clamp attempting to take a bank bag from the company's safe. The driver questioned Elsass about his actions. Elsass then showed the driver where he left the bank bag from the previous night outside in the snow after taking the cash from it. Two hundred twenty three dollars and fourteen cents ($223.14) were missing from the bank bag. Thereafter, Elsass confessed to the police that he took the bank bag and had attempted to take a second bank bag from the safe. Elsass worked at Miller's Textile at the time of the theft.
 {¶ 3} A grand jury indicted Elsass for five counts including: two counts of safecracking, violations of R.C. 2911.31(A) and felonies of the fourth degree; theft, a violation of R.C.2913.02(A)(1), and a misdemeanor of the first degree; possession of criminal tools, a violation of R.C. 2923.24(A), and a felony of the fifth degree; and attempted theft, violations of R.C.2923.02(A) and R.C. 2913.02(A)(1), and a misdemeanor of the first degree.
 {¶ 4} In Case No. 1999-CR-61, Elsass was charged with violating community control sanctions. The community control violations derived from Elsass's conduct which resulted in the charges filed in Case No. 2005-CR-16.
 {¶ 5} On February 25, 2005, Elsass pled guilty to one count of safecracking, one count of possession of criminal tools, and admitted the community control violations as part of a plea agreement. Pursuant to the plea agreement, the prosecution dismissed the remaining counts in the indictment.
 {¶ 6} Subsequently, the trial court imposed a sentence of sixteen months imprisonment for safecracking and ten months imprisonment for possession of criminal tools. The trial court also ordered the sentences to run consecutively.
 {¶ 7} Regarding the admitted community control violations in Case No. 1999-CR-61, the trial court reimposed the four year prison sentence for burglary minus the 708 days credit for time served. The trial court further ordered that the sentence imposed for the community control violations be served consecutively to the sentences imposed in Case No. 2005-CR-16.
 {¶ 8} It is from these consecutive sentences, Elsass appeals setting forth a sole assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court's orders that the defendant-appellant'ssentences of sixteen months on the charge of safecracking and tenmonths on the charge of possession of criminal tools in Case No.2005C-R-16 be run consecutive to each other as well asconsecutive to the balance of the four year sentence reimposed inCase No. 1999-CR-61, for a total combined consecutive sentence ofsix years and two months were unsupported by the record and werecontrary to law.
 {¶ 9} In his sole assignment of error, Elsass argues the trial court's "decision in Case No. 2005-CR-16 to impose his safecracking sentence and his possession of criminal tools sentence consecutive to each other and also consecutive to his existing prison sentence reimposed in Case No. 1999-CR-61, is not supported by the record and is contrary to law."
 {¶ 10} Upon review, an appellate court may not modify a criminal sentence or vacate the sentence and remand the matter to the trial court for re-sentencing unless it clearly and convincingly finds that the record does not support a sentencing court's required findings or determines that a sentence is otherwise contrary to law. R.C. 2953.08(G)(1) and (2). The trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Martin (1999), 136 Ohio App.3d 355, 361,736 N.E.2d 907.
 {¶ 11} In order to sentence a defendant to consecutive terms, R.C. 2929.14(E)(4) requires the sentencing court to find that consecutive sentences are "necessary to protect the public" or to "punish the offender" and are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Further, under R.C. 2929.14(E)(4), trial courts are required to find the existence of one of the three following circumstances:
(a) [t]he offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing* * * or was under post-release control for a prior offense;
 (b) * * * the harm caused by * * * the multiple offenses * * *was so great or unusual that no single prison term for any of theoffenses committed as part of any of the courses of conductadequately reflects the seriousness of the offender's conduct;
 (c) [t]he offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender.
 {¶ 12} The trial court must also state its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c).
 {¶ 13} At the sentencing hearing, the trial court made some, but not all of the required findings. The trial court found that consecutive sentences were "necessary to protect the public from future crime". The trial court further found Elsass committed the new offenses while under community control and that "consecutive sentences are necessary in order to protect the public from future crime by the defendant." Moreover, the trial court stated its reasons for imposing consecutive sentences, including Elsass's lack of rehabilitation.
 {¶ 14} The record supported the findings made at the sentencing hearing by the trial court. Elsass has a history of drug and alcohol related convictions including two charges of possession of drug paraphernalia, two charges of underage consumption, and two charges of operating a motor vehicle under the influence. In addition, Elsass has been convicted of burglary and has committed several community control violations. Furthermore, in Case No. 2005-CR-16 Elsass stole a money bag and attempted to steal a second money bag from his employer. He admitted to stealing the money in order to purchase crack cocaine. In addition, he was caught stealing while he was under community control sanctions for burglary in Case No. 1999-CR-61.
 {¶ 15} The trial court did not, however, make the required finding that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Because R.C. 2929.14 requires this finding before the sentencing court may impose consecutive sentences, and it was not made at the sentencing hearing in Case Nos. 2005-CR-16 and 1999-CR-61, the court was without authority to impose the sentences consecutively. Therefore, we must reverse and remand for re-sentencing. Consequently, Elsass's sole assignment of error is sustained.
 {¶ 16} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgments of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgments reversed and Cause remanded.
 Bryant and Shaw, JJ., concur.