[Cite as *State v. Henderson*, 2012-Ohio-3283.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24701 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2009-CR-3496/1 |
| v. | : | |
| | : | |
| CODY W. HENDERSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of July, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. #0053392, Talbott Towers, Suite 1210, 131 North Ludlow Street, Dayton, Ohio 45402
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Cody Henderson appeals from that part of his sentence

for Aggravated Murder, Aggravated Robbery, Felonious Assault and Tampering With Evidence that imposed court costs. Henderson contends that the trial court erred when it violated R.C. 2947.23(A)(1)(a) by imposing court costs without explaining that, should he fail to pay the costs, he might be ordered to perform community service.

{¶ 2} The State concedes that the trial court's failure to inform Henderson of the consequences of failing to pay costs was error. We agree. We also agree with the State that a sufficient remedy is to hold that if Henderson should fail to pay court costs, he cannot be ordered to perform community service in lieu thereof. Accordingly, the judgment of the trial court is Modified to that extent, and is Affirmed as so modified.

## I. The Course of Proceedings

{¶ 3} In 2009 Henderson was indicted on multiple counts of Aggravated Murder with death-penalty specifications, Felonious Assault, and Tampering With Evidence. The charges arose in connection with the death of Henderson's stepfather. In order to avoid a potential death sentence, and in exchange for an agreed life sentence without the possibility of parole, Henderson pled guilty to all charges. The trial court sentenced him to life imprisonment without the possibility of parole, plus an additional consecutive term of incarceration of fifteen years.

{¶ 4} Prior to sentencing, Henderson requested a waiver of all financial sanctions, including court costs. The prosecutor objected. After imposing the agreed-upon prison sentence, the court waived payment of restitution, but ordered the payment of court costs. Henderson appeals.

**II.   The Trial Court Erred when it Failed to Inform Henderson that he Can**

**Be Required to Perform Community Service if he Fails to Pay Court Costs,**

**and in this Case, the Appropriate Remedy Is to Eliminate the Possibility**

**that he Can Be Required to Perform Community Service**

{¶ 5}   Henderson's sole assignment of error states: "THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR WHEN IT VIOLATED THE MANDATORY STATUTORY PROVISIONS OF R.C. 2947.23(A)(1)."

{¶ 6}   Henderson contends that the trial court did not comply with R.C. 2947.23(A)(1), because it failed to inform him that he would be required to perform community service if he failed to pay his assessed costs.

{¶ 7}   R.C. 2947.23, which governs the imposition of costs, provides as follows:

(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶ 8} This court has held that it is error to fail to notify a defendant that he can be ordered to perform community service if he fails to pay the assessed costs. *State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio -112, ¶ 59. The State concedes the error, but, argues that the proper remedy is unclear. Henderson urges us to vacate the sentence and remand to the trial court for re-sentencing, or in the alternative, "order that court costs in this matter be waived." The State requests that we not remand, but simply "prohibit the imposition of a community service requirement following [any] failure to pay court costs."

{¶ 9} In *Lux*, the defendant had already served his one-year sentence when his appealed was decided. *Id.* at ¶ 59. Thus, we noted that we could not "remand the matter to the trial court for re-sentencing[, and thus we held that] should Lux fail to pay the ordered courts costs, he cannot be ordered to perform community service." *Id.*

{¶ 10} In *State v. Phillips*, 2d Dist. Montgomery No. 23252, 2009-Ohio-5305, the defendant was sentenced to two consecutive life sentences without eligibility for parole and was ordered to pay court costs despite a timely motion to waive. *Id.* at ¶16. We stated:

> The hyper-technical resolution would be to remand the issue of waiver of costs to the trial court; this could possibly necessitate bringing the defendant back to court, and the revisiting of this tragedy on the victims' families – not to mention the security and expense issues. Therefore, we will find that the trial court erred in not waiving the court costs and order that the termination entry be modified to reflect that costs are

waived and we will affirm in all other respects.   *Id.* at ¶ 17.

**{¶ 11}**   The error in *Phillips* was that the trial court erroneously concluded that it had no authority to waive court costs.   Therefore, the very imposition of court costs, itself, was error, and could not be remedied solely by eliminating the possibility of the defendant's being required to perform community service in lieu of paying court costs.

**{¶ 12}**   In the case before us, as in *Lux*, the error is in the trial court's having failed to advise the defendant that he could be required to perform community service in lieu of paying court costs; the imposition of court costs was not itself erroneous in *Lux*, or in the case before us.   Therefore, we agree with the State that Henderson can receive a complete remedy by eliminating the possibility that he can ever be required to perform community service in lieu of paying court costs; if the performance of community service is not a possibility, then he is not prejudiced by the trial court's having failed to inform him of that possibility.

**{¶ 13}**   The State has indicated that it would be satisfied with this solution, even though it eliminates the possibility that Henderson can ever be required to perform community service if he fails to pay court costs.   Accordingly, and for the reasons alluded to in *Phillips*, we accept this as the proper remedy in this case.

**{¶ 14}**   Henderson's sole assignment of error is sustained.


### III.  Conclusion

**{¶ 15}**   Henderson's sole assignment of error being sustained, the judgment of the trial court is Modified by eliminating the requirement that Henderson must perform community service if he does not pay court costs.   As Modified, the judgment of the trial court is

Affirmed. This cause is Remanded for the trial court to make whatever record of the modification of its judgment entry may be appropriate.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., concurring:

I agree with the entirety of the opinion for the court, including the resolution of modifying the sentence to eliminate the possibility of community service in lieu of court costs.

I am writing separately only to express that this appeal seems to be an academic exercise because the defendant, sentenced to life in prison without the possibility of parole, plus fifteen years, will never be ordered to perform community service in any event.

. . . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Andrew T. French
Jeffrey T. Gramza
Hon. Mary L. Wiseman