[Cite as *State v. Dye*, 2013-Ohio-4285.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2011-P-0097** |
| ROBERT A. DYE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2011 CR 0331.

Judgment: Modified and affirmed as modified.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Brian A. Smith,* 503 West Park Avenue, Barberton, OH 44203 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Robert A. Dye, appeals from the judgment on sentence entered by the Portage County Court of Common Pleas. This court originally affirmed the trial court's judgment denying appellant's presentence motion to withdraw his guilty plea and sentence in *State v. Dye*, 11th Dist. Portage Co. No. 2011-P-0097, 2012-Ohio-4464. Appellant filed an application to reopen his appeal based upon ineffective assistance of appellate counsel. In February 2013, this court granted that motion and appointed

appellate counsel. The sole issue before this court is whether the trial court provided appellant the proper costs advisement pursuant to R.C. 2947.23. For the reasons discussed below, we modify the judgment of the trial court, and affirm the judgment as modified.

{¶2} The Portage County Grand Jury issued a two-count indictment charging appellant with aggravated burglary, in violation of R.C. 2911.01(A)(1), a felony of the first degree, and kidnapping, in violation of R.C. 2905.01(A)(2) and (3), also a felony of the first degree. The charges arose from crimes allegedly committed against appellant's former girlfriend.

{¶3} After entering a plea of not guilty, a trial date was set. On the day the jury trial was scheduled to commence, appellant changed his plea to and entered a plea of guilty to one count of burglary, a felony of the second degree. After conducting a plea colloquy, the trial court accepted appellant's plea, nolled the remaining charges in the indictment, and ordered a presentence investigation report. Prior to sentencing, however, appellant changed defense counsel and moved to withdraw his plea of guilty. The trial court denied appellant's motion. After a sentencing hearing, the trial court ordered appellant to serve six years in prison. That judgment was journalized on October 27, 2011.

{¶4} Appellant appealed and, in *Dye*, *supra*, this court held the trial court did not act unjust, unfair, or unreasonable in denying his presentence motion to withdraw his guilty plea. *Id.* at ¶27. This court further affirmed the trial court's imposition of sentence. *Id.* at ¶36. Appellant filed an application to reopen his appeal pursuant to App.R. 26(B). In granting the application, this court observed: "[t]he record appears to

2

establish a colorable claim for ineffective assistance of appellate counsel regarding whether the trial court met its notification obligations under R.C. 2947.23(A)(1)."

{¶5} In light of this conclusion, appellant now assigns the following error on reopening:

{¶6} "The failure of appellant's counsel to raise the issue of whether the trial court erred in imposing court costs on the appellant, without notifying him of the possibility of community service in lieu of paying court costs, constituted ineffective assistance of counsel."

{¶7} The test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), is the proper standard to apply to assess whether a defendant has raised a genuine issue as to the ineffectiveness of appellate counsel. *State v. Davie*, 96 Ohio St.3d 133, 2002-Ohio-3753. Appellant must prove his appellate counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had the claims been presented on direct appeal. *Id.* A heavy measure of deference to an attorney's judgment is applied in assessing the legal effectiveness of counsel, and there is a strong presumption that the attorney's conduct fell within the wide range of reasonable professional assistance. *State v. Sanders*, 94 Ohio St.3d 150, 151.

{¶8} Under his assignment of error, appellant asserts the trial court failed to comply with the requirements of R.C 2947.23(A)(1)(a) when it imposed costs. R.C. 2947.23 has been amended since appellant's sentencing, but at the time of sentencing, it provided, in relevant part:

{¶9} In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution,

3

including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

{¶10} (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in full compliance with the approved payment schedule.

{¶11} In relevant part, the 2012 amendment, effective March 22, 2013, substituted, in the second sentence of the language of section (A)(1)(a), "If" for "At the time," and substituted "a community control sanction or other nonresidential sanction" for "sentence," and also inserted the phrase "when imposing the sanction" to that sentence.

{¶12} Because appellant's sentence was entered before the effective date of the amendment, former R.C. 2947.23 applies. Recently, in *State v. Fomby*, 11th Dist. Lake No. 2012-L-073, 2013-Ohio-2821, this court, applying a plain error analysis, determined a criminal defendant suffered no adverse effect from a trial court's failure to orally notify him of the potential for future imposition of community service under the pre-amendment statute. In that case, however, the defendant received actual, written notice of the possibility in the court's judgment. Given this point, this court observed:

4

{¶13} R.C. 2947.23(A) does not mandate the imposition of community service for lack of payment, but merely grants the trial court the ability to futuristically order community service in the event that the costs are not paid. The requirement is essentially an "if-maybe" notice. As a result, the oral notification only informs the defendant of a possible condition that may be later imposed. To this extent, the lack of proper oral notification does not have immediate effect. [And], given that the state can collect court costs through the garnishment of an inmate's prison account * * *, appellant's court costs * * * are likely to be paid before he is released and the 'community service' provision is triggered. *Fomby*, *supra*, ¶66.

{¶14} Given these points, this court held, "no miscarriage of justice occurred that would warrant a finding of plain error" in the court's failure to orally notify the defendant pursuant to former R.C. 2947.23.

{¶15} In this case, the trial court imposed costs, but neither orally, at the sentencing hearing, nor in writing, via the judgment entry, provided appellant with the proper statutory advisement regarding costs. In this respect, the instant matter is distinguishable from the circumstances in *Fomby*.

{¶16} Nevertheless, the concurring opinion in *Fomby* noted an alternative approach utilized by the Second Appellate District under similar circumstances to the case at bar. Namely, acknowledging the error and, to the extent the state does not object, modifying the judgment to remove any possibility that the defendant could be required to perform community service in the future in lieu of costs. *See State v. Veal*,

5

2d Dist. Montgomery No. 25253, 2013-Ohio-1577, ¶20; *State v. Haney*, 2d Dist. Montgomery No. 25344, 2013-Ohio-1924, ¶21; *State v. Parson*, 2d Dist. Montgomery No. 25123, 2013-Ohio-1069, ¶16; *State v. Henderson*, 2d Dist. Montgomery No. 24701, 2012-Ohio-3283; c.f. *State v. Jeffery*, 2d Dist. Montgomery No. 24916, 2013-Ohio-504 (pre-amendment R.C. 2914.23 notification issue reversed and remanded for advisement because the state did not agree to the modification).

{¶17} In this case, the imposition of court costs without the proper notification was error. Appellant, however, could receive a complete remedy by removing the possibility that he can ever be required to perform community service instead of paying court costs. As the Second District stated in *Henderson*, *supra*, "if the performance of community service is not a possibility, then [appellant] is not prejudiced by the trial court's having failed to inform him of that possibility." *Id.* at ¶12.

{¶18} Here, at oral argument, the state approved of the foregoing remedy adopted by Second District. Thus, we sustain appellant's assignment of error. The trial court's judgment is accordingly modified by eliminating the possibility that appellant be subject to community service in lieu of court costs. As modified, the trial court's judgment is hereby affirmed.

{¶19} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is modified and affirmed as modified.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

6

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶20} I respectfully dissent.

{¶21} The majority finds it prudent to modify and affirm as modified appellant's sentence. Although I also find error in the original sentence, I believe the better practice is to remand this case to the trial court to correct its error, as trial courts are in the best position to resentence offenders. *See State v. McKenna*, 11th Dist. Trumbull No. 2009-T-0034, 2009-Ohio-6154, ¶87 (modifying and affirming as modified the appellant's sentence) (O'Toole, J., dissenting with a Dissenting Opinion, indicating the matter should be remanded for resentencing); *State v. Elsass*, 3d Dist. Auglaize Nos. 2-05-15 and 2-05-16, 2006-Ohio-350, ¶1, 16; *State v. Sellers*, 173 Ohio App.3d 60, 2007-Ohio-4681, ¶54 (8th Dist.) (Gallagher, J., concurring with a Concurring Opinion, indicating that trial courts are in the best position to correct sentencing errors).

{¶22} Thus, because I have serious concerns about appellate courts' practice of resentencing offenders following appeals where error is found, I respectfully dissent from the majority's position.