[Cite as *State v. Christian*, 2014-Ohio-4882.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0055** |
| JAMES M. CHRISTIAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2010 CR 00119.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jay Blackstone,* WPA Memorial Building, 132 South Broad Street, Suite 401-A, Canfield, OH 44406 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, James M. Christian, appeals from the May 1, 2013 judgment of the Trumbull County Court of Common Pleas, sentencing him to a total of 18 years in prison for Complicity to Involuntary Manslaughter, Aggravated Burglary, and Tampering with Evidence. The issue before this court is whether an appeal is wholly frivolous where the appellant entered a guilty plea and was sentenced according to the parties' agreement. For the following reasons, we affirm the decision of the court below.

**{¶2}** The State filed a Bill of Information on March 3, 2010, charging Christian with two counts of Complicity to Involuntary Manslaughter (Counts One and Two), felonies of the first degree, in violation of R.C. 2903.04(A) and (C) and R.C. 2923.03(A)(2) and (F); Aggravated Burglary (Count Three), a felony of the first degree, in violation of R.C. 2911.11(A)(2) and (B); and Tampering with Evidence (Count Four), a felony of the third degree, in violation of R.C. 2921.12(A)(1) and (B). Counts One through Three had firearm specifications under R.C. 2941.145.

**{¶3}** Christian entered a guilty plea to the Bill of Information on that date. The trial court accepted his plea and a Finding on Guilty Plea was filed, which outlined Christian's rights and the potential penalties. It also noted that the State and Christian jointly agreed on a sentence of 18 years, pursuant to Christian's cooperation in his co-defendants' cases.

**{¶4}** A sentencing hearing was held on April 25, 2013. At the hearing, the State advised the court that Christian complied with the terms of the plea agreement and that the parties agreed that his sentence should be 18 years. Christian's counsel noted that he had been cooperative with the State. The court accepted the agreement between the parties and found it "reasonable." The court merged the firearm specifications and sentenced Christian to a term of three years. It also sentenced him to concurrent terms of 10 years each for Counts One and Two, and a consecutive term of five years on Count Three. These terms were to be consecutive to the firearm specification. Christian also received 36 months on Count Four, to be concurrent with the other offenses, for a total term of 18 years. The court advised Christian of his ability

to receive jail credit and potential community service requirements for unpaid fees and costs. The court also explained the mandatory post-release control.

{¶5} This verdict was memorialized in a May 1, 2013 Entry on Sentence. The court noted that it had considered the requisite sentencing factors under R.C. 2929.11 and .12 and restated the advisements given during the sentencing hearing.

{¶6} Christian filed a timely Notice of Appeal on May 24, 2013.

{¶7} On September 20, 2013, appellate counsel filed Christian's appellate brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel represented that he had reviewed Christian's file and found "no prejudicial errors" and "that an appeal of the sentence imposed would be frivolous." On the same date, counsel filed a separate Motion to Withdraw under *Anders*, again asserting that there was no prejudicial error committed by the trial court.

{¶8} On October 17, 2013, this court granted Christian 30 days in which "to file a brief or memorandum * * * which raises any additional arguments in support of his appeal for this court's review." Appellate counsel's request to withdraw was ordered to be "held in abeyance pending this court's further review and determination pursuant to *Anders*." Christian has not filed any further brief or memorandum in support of his appeal.

{¶9} In *Anders*, the United States Supreme Court outlined the proper steps to be followed in this situation, including that "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; * * * the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; [and] * * * counsel should furnish the indigent

3

client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses." *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶ 5, citing *Anders* at 744. The appellate court must then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders* at 744. "Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶10} In his brief, appellate counsel raises one potential area for review which may arguably support the appeal: "[w]hether the trial court committed prejudicial error in sentencing the defendant to eighteen years in the penitentiary." Counsel ultimately concludes that this arguable error lacks merit and did not cause prejudice to Christian.

{¶11} Regarding felony sentences in general, this court has applied the two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, which requires appellate courts to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law," and, "[i]f this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Cornelison*, 11th Dist. Lake No. 2013-L-064, 2014-Ohio-2884, ¶ 6, citing *Kalish* at ¶ 26. Regarding consecutive sentences, however, this court has determined that it must "clearly and convincingly find either * * * [t]hat the record does not support the sentencing court's findings * * * [or] [t]hat the sentence is otherwise contrary to law." *Id.* at ¶ 31-35, citing R.C. 2953.08(G)(2).

{¶12} In this case, a plea agreement was reached by the State and Christian. In his written guilty plea, Christian waived a presentence investigation report and jointly agreed with the State regarding his sentence, an 18-year prison term. At the sentencing hearing, both parties recommended that this be applied and 18 years was exactly the sentence Christian received. As this court has noted, "[i]t is not the practice of this court or any other appellate court to review sentences that are jointly agreed upon by the state and the defendant." (Citation omitted.) *State v. Mills*, 11th Dist. Trumbull No. 2010-T-0055, 2011-Ohio-5110*, ¶ 19. "Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *Id.*, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, paragraph three of the syllabus.

{¶13} Even if this were not the case, the transcript of the hearing and the Entry on Sentence both show that the court stated it had considered the necessary sentencing factors under R.C. 2929.11 and .12. Further, the individual sentences were all within the statutory ranges for the offenses committed. *See* R.C. 2929.14(A)(1) and (3).

{¶14} The dissent asserts that there was a potential error regarding the merger of allied offenses, an issue not raised by counsel in the *Anders* brief.

{¶15} There was no assertion by any of the parties below that the charges should merge. The two Involuntary Manslaughter charges involved two separate victims. The Tampering with Evidence charge would have occurred as part of a separate event, after the other crimes had been committed. Regarding the Involuntary Manslaughter charges and the Aggravated Burglary charge, there also is nothing in the

5

record to indicate that they should have merged. *See State v. Jackson*, 2nd Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 138 (Aggravated Burglary did not merge with Involuntary Manslaughter, "because the burglary was complete upon entry") (citation omitted); *State v. Taylor*, 8th Dist. Cuyahoga No. 95339, 2012-Ohio-99, ¶ 7 (the conduct of committing the Burglary was complete upon entry into the home); *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-3974, ¶ 130-131 (where the conduct needed to meet the elements of one crime was completed prior to the elements of the other crime, the offenses were not allied).

{¶16} Finally, counsel also notes that it can be argued that the trial court improperly explained the availability of judicial release to Christian under R.C. 2929.20, but asserts that this did not cause any prejudice.

{¶17} As conceded by counsel, the trial court is not required to advise a defendant of his eligibility for judicial release. *State v. Mitchell*, 11th Dist. Trumbull No. 2004-T-0139, 2006-Ohio-618, ¶ 14. While there was some confusion at the sentencing hearing regarding Christian's eligibility for judicial release, the statement that judicial release "would not happen" was made by the prosecutor, not the court. The court noted only that Christian had to serve the gun specification sentence prior to his other prison term. Regardless, to the extent that counsel asserts this confusion did not have an impact on Christian's decision to accept the Rule 11 plea agreement, we concur.

{¶18} Christian entered a written plea of guilty to the Bill of Information on March 3, 2010, which outlined his rights and his plea was accepted by the court at that time. Pursuant to the May 1, 2013 Entry on Sentence, sentencing was then deferred until the disposition of the co-defendants' cases. The statement regarding Christian's eligibility

6

for judicial release made at sentencing had no impact on the entry and acceptance of his plea over three years earlier. A defendant must demonstrate that, "but for the misrepresentation regarding judicial release, he would not have entered the plea." *Mitchell* at ¶ 15. It cannot be said that the confusion regarding the judicial release, which occurred near the conclusion of the sentencing hearing, had any impact on Christian's entry of his plea.

{¶19} Having reviewed the foregoing issues raised by counsel, as well as fully examining the entire record of the proceedings in this case, we find no nonfrivolous issues for appeal.

{¶20} For the foregoing reasons, Christian's appeal is without merit and wholly frivolous. Appellate counsel's motion to withdraw is granted. The judgment of the Trumbull County Court of Common Pleas, sentencing Christian to a total of 18 years in prison for Complicity to Involuntary Manslaughter, Aggravated Burglary, and Tampering with Evidence, is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶21} I respectfully dissent.

7

{¶22} The majority holds that appellant's appeal is without merit and wholly frivolous. For the following reasons, I disagree.

{¶23} Under the United States Constitution, there is no right to appeal, "as a matter of right." *See Abney v. United States*, 431 U.S. 651, 656 (1977) (holding that there is no constitutional right to appeal; rather, the right to appeal in a criminal case is a creature of statute). However, an appeal is a matter of right in criminal proceedings under the Ohio Constitution. *See State v. Awkal*, 8th Dist. Cuyahoga Nos. 98532 and 98553, 2012-Ohio-3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right").

{¶24} An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." *Black's Law Dictionary* 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C. 2953.08(A). Thus, it logically follows that if an appeal is a matter of right in criminal proceedings in Ohio, how can an appeal be frivolous?

{¶25} Under this writer's independent examination of the record, I find at least two issues of arguable merit. Although I agree that the trial court sentenced appellant within the applicable statutory ranges, one issue of arguable merit is whether appellant should have been sentenced to a lesser term, even though the majority maintains that the parties did not assert the merger point below. The trial court sentenced appellant to a total of 18 years in prison. Although the court merged the firearm specifications, it did not merge any of the counts contained in the bill of information.

{¶26} H.B. 86 amended R.C. 2929.11 which now states in part:

8

**{¶27}** "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the *minimum* sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." (Emphasis added.)

**{¶28}** With respect to allied offenses of similar import, the Ohio Supreme Court has recognized that a defendant is prejudiced by failure to merge allied offenses, as both R.C. 2941.25 and the Double Jeopardy Clause prohibit multiple convictions for the same conduct. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶26-31.

**{¶29}** Multiple sentences should not be improperly "heaped" on a defendant, as they amount to an undue burden on our already overcrowded prison system pursuant to the principles and purposes of sentencing under R.C. 2929.11. *See State v. Helms*, 7th Dist. Mahoning No. 08 MA 199, 2012-Ohio-1147, ¶68, quoting *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶43, citing *Maumee v. Geiger*, 45 Ohio St.2d 238, 242 (1976) ("'the purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence.'")

**{¶30}** Another issue of arguable merit is whether appellant's guilty plea was knowingly, voluntarily, and intelligently made. Pursuant to Crim.R. 11(C), all guilty pleas must be knowing, voluntary, and intelligent. *See State v. Porterfield,* 11th Dist. Trumbull No. 2010-T-0005, 2010-Ohio-4287, ¶10.

9

{¶31} In this case, appellate counsel concedes that the trial court erred in confirming that appellant would be ineligible for early release. However, appellate counsel suggests that the error was harmless. Under R.C. 2929.20(C)(5), appellant, in fact, is eligible to file for judicial release after serving one-half of his total prison term. The trial court's error on this point may have had an impact on appellant's decision to accept the Crim.R. 11 agreement.

{¶32} This writer believes that *Anders*, and the majority's application, essentially creates a conundrum as no good solution evolves from such situation. On the one hand, if appellant is successful in bringing an appeal, the panel has become biased because they have already prejudged the case ex parte. Thus, the panel should not sit on and determine the matter. On the other hand, if appellant is unsuccessful in bringing an appeal, he is denied his rights to counsel and to an appeal, as a matter of right.

{¶33} Therefore, although I agree with granting Attorney Jay Blackstone's motion to withdraw as he has satisfied his duties under *Anders*, I believe that new appellate counsel must be appointed to pursue this appeal before a different panel. Thus, I would direct newly appointed counsel to prepare an appellate brief discussing the arguable issues identified herein and any further arguable issues which may be found in the record.

{¶34} Accordingly, I respectfully dissent.