[Cite as *State v. Dye*, 2014-Ohio-5618.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-P-0005** |
| ROBERT A. DYE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2011 CR 0331.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Shubhra N. Agarwal,* 3766 Fishcreek Road, #289, Stow, OH 44224-4379 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Robert A. Dye appeals from the judgment of the Portage County Court of Common Pleas denying his motion to vacate plea, sentence, and judgment. We affirm.

{¶2} The Portage County Grand Jury issued a two-count indictment charging appellant with aggravated burglary, in violation of R.C. 2911.01(A)(1), a felony of the first degree, and kidnapping, in violation of R.C. 2905.01(A)(2) and (3), also a felony of

the first degree. The charges arose from crimes allegedly committed against appellant's former girlfriend.

{¶3} After entering a plea of not guilty, a trial date was set. On the day the jury trial was scheduled to commence, appellant changed his plea and entered a plea of guilty to one count of burglary, a felony of the second degree. After conducting a plea colloquy, the trial court accepted appellant's plea, nolled the remaining charges in the indictment, and ordered a presentence investigation report. Prior to sentencing, however, appellant changed defense counsel and moved to withdraw his plea of guilty. The trial court denied appellant's motion. After a sentencing hearing, the trial court ordered appellant to serve six years in prison. That judgment was entered on October 27, 2011.

{¶4} Appellant appealed and, in *State v. Dye*, 11th Dist. Portage No. 2011-P-0097, 2012-Ohio-4464 ("*Dye I*"), this court held the trial court did not act unjust, unfair, or unreasonable in denying his presentence motion to withdraw his guilty plea. *Id.* at ¶27. This court further affirmed the trial court's imposition of sentence. *Id.* at ¶36. Appellant filed an application to reopen his appeal pursuant to App.R. 26(B). In granting the application, this court observed: "[t]he record appears to establish a colorable claim for ineffective assistance of appellate counsel regarding whether the trial court met its notification obligations under R.C. 2947.23(A)(1)."

{¶5} Subsequently, this court, in *State v. Dye*, 11th Dist. Portage No. 2011-P-0097, 2013-Ohio-4285 ("*Dye II*"), modified the trial court's judgment and affirmed the judgment of the trial court as modified. *Id.* at ¶17-18.

**{¶6}** On November 12, 2013, appellant filed a post-sentence motion to vacate and void sentence or, in the alternative, a motion to withdraw plea. On November 15, 2012, the trial court denied appellant's motion without a hearing. Appellant did not appeal this judgment. On January 27, 2014, appellant filed a successive motion to vacate plea, sentence, and judgment. The trial court denied the motion without a hearing. Appellant was appointed counsel and filed a notice of appeal. After reviewing the record, counsel filed a merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting two potential errors for this court's consideration.

**{¶7}** In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional items. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal is wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*; *see also Penson v. Ohio*, 488 U.S. 75, 83, (1988).

**{¶8}** Pursuant to *Anders*, counsel's brief was properly served on appellant. On June 11, 2014, appellant filed his merit brief in this matter to which the state responded. On October 24, 2014, appellant filed an untimely reply brief to which the state did not

object. In the interest of a comprehensive analysis, the reply brief has been considered. We shall begin by addressing the ten purported errors to which appellant draws this court's attention. They assert, collectively:

{¶9} "[1.] Ineffective assistance of counsel, as the motion to vacate plea transcripts page 18, 19, 20, 21, will show lack of investigation and preparation, as well as constitutiona[l] violation of Mr. Dye['s] right to have witnesses called on his behalf, according to the [S]ixth [A]mendment of th[e] U.S. Constitution.

{¶10} "[2.] The stated errord [sic] in indicting Mr. Dye for kidnapping and aggravated burglary as there was evidence in the police report that it was merely a domestic dispute as the 911 call had stated. Mr. Dye was over charged, and more or less forced into pleading guilty to a charge that he did not commit as the prosecutor well knew.

{¶11} "[3.] The trial court errord [sic] in ba[d]gering Mr. Dye into a guilty plea, after, Mr. Dye had expressed his inocense [sic] and wish to go to trial as reflected on plea hearing transcripts pages 7, 15, 16, 17, 118.

{¶12} "[4.] Trial court commit[t]ed plain error by failing to explain to Mr. Dye the minimum and maximum terms of imprisonment, and the possibility of penalties for not following mandatory sanctions, as provided by statu[t]e and the [O]hio [C]onstitution.

{¶13} "[5.] Trial court commit[t]ed prejudicial error when it violated agreement, trial counsel was U.S. [C]onstitutional ineffective for not objecting to same, violating due process clause of the U.S. Constitution. The plea colloquy under Crim[.]R[.] 11(C)(2)(c)(B)(A) was deficient because the trial court failed to properly inform Mr. Dye of the mandatory notification obligations under R.C. 2947.23(A)(1) prior to entering of

4

Mr. Dye['s] guilty plea, said failure prejudiced Mr. Dye to the extent that his plea was render[e]d less than a knowing, intelligent, and voluntary manner. Further, the trial court provided misinformation when it advised Mr. Dye that he had been properly informed. Mr. Dye['s] guilty plea was obtained in violation of due process, and is void: as trial court did not stric[t]ly comply with [C]rim.R. 11, as it pertains to waiver of federal constitutional rights.

{¶14} "[6.] Trial court commit[t]ed plain error by failing to hold a[n] evident[i]ary hearing, or give its opinion for denial of Mr. Dye['s] motion to vacate plea, sentence and judgment on 9-14-2011. [A]s Mr. Dye wished to withdraw his guilty plea on the merits that it was made in violation of his constitutional rights, and, the laws of the United States.

{¶15} "[7.] The judicial system has error[e]d by the court[']s performance, its appointment of counsel, appellate counsel, and, appellate review[.]

{¶16} "[8.] Mr. Dye has never been afforded a complete copy of all records pertaining to his case, as he is proce[e]ding pro se and at this cou[r]t[']s request per [J]udge Cynthia Westcott Rice, Mr. Dye can not [sic] perfect his appeal without a complete copy of the record, which he has previously requested for the second time, and now has once again motioned the court for.

{¶17} "[9.] Trial court error[e]d to the prejudice of Mr. Dye by coercion of obtaining his guilty plea under the false pretence of his being a can[d]idate for house arrest, while trial court knew that Mr. Dye was not, as no pre-sentence investigation report was conducted pursuant to R[.]C. 2951.03(A)(1). Said report was not filed and docketed untile [sic] (1-9-2012) rendering the court[']s proce[e]dings void[.]

{¶18} "[10.] Trial court error[e]d by not finding M. Dye guilty in its order and journal entry. The court[']s order is not final or appealable."

{¶19} Appellant's brief merely assigns ten errors followed by a "conclusion." In effect, appellant's brief contains no particularized argumentation to support each of his individual assignments of error. In failing to propound arguments and citations to authorities in support of his assignments of error, appellant's brief stands in violation of App.R. 16(A)(7). For this reason alone, appellant's challenges are without merit.

{¶20} We shall nevertheless address appellant's assigned errors. Appellant's tenth assignment of error contends this court never had jurisdiction over any of his appeals because the original judgment did not include a finding of guilt. The record, however, demonstrates that in its August 17, 2011 judgment, the trial court stated appellant pleaded guilty and the court accepted his plea. And, in its October 27, 2011 sentencing entry, the court reiterated this conclusion. Appellant's argument therefore lacks merit.

{¶21} Appellant's remaining assignments of error challenge either matters which were or could have been argued on direct appeal or an appeal from appellant's previous motion to vacate his sentence/motion to withdraw his plea, which was never appealed.

{¶22} Pursuant to the doctrine of res judicata,

{¶23} a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or *could have been raised* by the defendant at trial, which resulted in that judgment of conviction,

6

or *on an appeal* from that judgment. (Emphasis sic.) *State v. Perry*,

10 Ohio St.2d 175 (1967), syllabus.

{¶24} Appellant's first and fifth assignments of error alleged ineffective assistance of counsel relating to counsel's representation in the underlying 2011 criminal proceedings. Appellant's second assignment of error challenges the 2011 indictment. Appellant's third assignment of error challenges the trial court's conduct at the 2011 change-of-plea hearing. Appellant's fourth assignment of error challenges the 2011 sentence imposed by the trial court. Appellant's sixth assigned error attacks the trial court's decision not to hold a hearing on his 2011 motion to vacate his plea. Appellant's seventh assignment of error claims the trial court erred in its appointment of counsel. The Eighth assignment of error asserts appellant was deprived of a complete copy of the record from the commencement of his case. And, finally, his ninth assignment of error claims the trial court erred by coercing him into pleading guilty in 2011.

{¶25} Each of the foregoing assignments of error pertain to issues that could have been raised on appellant's direct appeal or an appeal from a subsequent final order. They are therefore barred by the doctrine of res judicata.

{¶26} Appellant's ten assignments of error lack merit.

{¶27} Appellate counsel's *Anders* brief sets forth two potential assignments of error. The potential assigned errors provide:

{¶28} "[1.] The Trial Court committed reversible and plain error in denying Dye's motion to withdraw guilty plea without holding a hearing."

7

**{¶29}** "[2.] The Trial Court committed reversible error on denying Dye's motion to withdraw guilty plea as his plea was not knowingly, intelligently and voluntarily made."

**{¶30}** This court has observed: "[a] trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea unless the facts as alleged by the defendant suggest a manifest injustice would result if the plea was allowed to stand." *State v. Corradetti*, 11th Dist. Lake No. 2012-L-006, 2012-Ohio-5225, ¶8.

**{¶31}** In his motion, appellant argued his guilty plea should be vacated because it was not entered knowingly, intelligently, and voluntarily because the court allegedly misinformed him about the nature of the post-release control he would face as a result of the plea. At the original plea hearing, the court advised appellant he was pleading guilty to felony-two burglary; the court further informed appellant that the maximum term of imprisonment for such a charge is eight years imprisonment. The court advised appellant he would be subject to post-release control and that, if he violated this sanction, he could receive an additional prison term, not to exceed 50 percent of the original sentence, i.e., if he received the maximum, he could be ordered to serve up to an additional four years were he to violate the post-release control sanctions. Even though appellant was sentenced to six years in prison, the court did not err in providing appellant with the foregoing advisement at the plea stage. The information given was accurate and served to inform appellant of what he *could* face at sentencing. We discern no manifest injustice in permitting the plea to stand. We therefore find no error in the trial court's decision to deny appellant's motion without holding a hearing.

**{¶32}** Furthermore, the doctrine of res judicata, however, bars all claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were either raised

8

or could have been raised on direct appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59; *State v. Waite*, 8th Dist. Cuyahoga No. 96954, 2012-Ohio-489, ¶ 7. Clearly, appellant's claim in his motion could have been raised on direct appeal. Accordingly, by operation of res judicata, appellant is barred from arguing, at this stage, that his plea was not entered knowingly, intelligently, and voluntarily.

{¶33} Counsel's potential assignments of error lack merit.

{¶34} After a thorough and independent review of the record, we hold the trial court did not err in denying appellant's motion to vacate plea, sentence, and judgment. Thus, there are no arguable legal points on the merits of this matter. Appellant's appeal is without merit and is wholly frivolous.

{¶35} Because there are no arguable issues in this appeal, the request to withdraw filed by appellate counsel is well-taken and is hereby granted. The judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶36} I respectfully dissent with the majority's position that appellant's appeal is frivolous based on my dissenting opinions in similar matters involving *Anders. State v. Christian*, 11th Dist. Trumbull No. 2013-T-0055, 2014-Ohio-4882, ¶21-34; *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶14-19; *State v.*

9

*Burnett*, 11th Dist. Lake No. 2013-L-053, 2014-Ohio-1358, ¶29-34; *State v. Gibbs*, 11th

Dist. Geauga No. 2012-G-3123, 2014-Ohio-1341, ¶37-42.